IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRADLEY LEDGERWOOD; and
ETHEL JACOBS, by and through her
son and next friend Louis Welch                                             PLAINTIFFS

v.                                  No. 3:16-cv-119-DPM

CINDY GILLESPIE, in her official
capacity as Director, Arkansas
Department of Human Services                                                DEFENDANT

ORDER

Bradley Ledgerwood and Ethel Jacobs are disabled — Ledgerwood with cerebral palsy and Jacobs with alzheimers. Through the ARChoices program, they receive Medicaid funds to pay for care in their homes. This year, the Arkansas Department of Human Services reduced Ledgerwood's and Jacobs's approved care hours. Each is appealing the reduction through an available state administrative proceeding. The appeal hearings haven't happened yet. After some hiccups, DHS reinstated Ledgerwood's and Jacobs's benefits in the meantime, as required by law. 42 C.F.R. § 431.230. The Court appreciates the parties' status reports about the ongoing administrative proceedings.

In this court Ledgerwood and Jacobs challenge the way DHS determined the number of care hours they receive. Their claimed injury is

twofold: the reduction in hours; and their alleged inability to meaningfully challenge the change because of how DHS made its decisions. They move for a preliminary injunction reinstating their benefits, barring DHS from using its current assessment tools, and holding their state appeal hearings in abeyance. № 6 at 1. DHS moves to dismiss on abstention and standing grounds. № 14.

The Court denies both motions without prejudice. *Younger* abstention is inapplicable; and the standing issues are somewhat unclear at this point. But the pending administrative appeals throw a shadow over the controversy. When they filed suit, Ledgerwood and Jacobs had appealed their reductions and their benefits had been restored pending appeal. № 3 at 18, 20–21; № 7 at 44 n.15, 47 n.16. Now their hearings keep getting continued. № 22 & 23. All this creates a ripeness problem. Ledgerwood and Jacobs ask the Court to entangle itself in a disagreement over administrative policies before DHS has made final decisions with concrete effects on them. *National Park Hospitality Association v. Department of the Interior*, 538 U.S. 803, 807 (2003). They ask, moreover, for wholesale and immediate action against a state program that touches many folks.

Their suit is premature. *In re Bender*, 368 F.3d 846, 848 (8th Cir. 2004). Ledgerwood and Jacobs will not be harmed if the Court stays out of things for now. Their benefits have been reinstated, at least temporarily. And intervening now would deploy judicial resources on uncertain facts. Ledgerwood and Jacobs have an administrative remedy, which may resolve at least some of the disagreement. Ledgerwood, for example, successfully challenged a reduction in paid care hours in 2015. № 3 at 15. What if he, or Jacobs, or both prevail this year at their hearings? This dispute is just not quite ready for a court.

In these circumstances, a stay makes sense. *Sierra Club v. United States Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). There's no good reason to dismiss and make the parties duplicate their efforts when the administrative proceedings end. This case will therefore be stayed until Ledgerwood's and Jacobs's administrative appeals are concluded.

\* \* \*

Motions, № 6 & 14, denied without prejudice. Case stayed. Joint status report due 1 July 2016 and every three months thereafter. Any party may

request reinstatement of its motion as the facts develop. And the Court will respond promptly.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 June 2016