IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRADLEY LEDGERWOOD; and
ETHEL JACOBS, by and through her
son and next friend Louis Welch                                    PLAINTIFFS

v.                          No. 3:16-cv-119-DPM

CINDY GILLESPIE, in her official
capacity as Director, Arkansas
Department of Human Services                                       DEFENDANT

### ORDER

First, the Court directs the Clerk to amend the docket. Ledgerwood and Jacobs have actually filed an "Emergency Motion to Reconsider," not a Rule 59(e) motion. The Court's June 14th Order is not a judgment.

Second, the Court has reconsidered ripeness based on the parties' targeted briefing. Gillespie's earlier papers touched on it. № 15 at 7 & № 21 at 9. The Court thanks Gillespie for her expedited response, which expands her thoughts. The issue is now fully ventilated.

Third, the Court remains convinced that its judgment call about fitness and hardship was the best one in these circumstances. *Nebraska Public Power District v. MidAmerican Energy Company*, 234 F.3d 1032, 1038 (8th Cir. 2000).

The Court's earlier Order explained why. № 24. There are cases going the other way, and plaintiffs have cited them. *E.g., Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013). The Court sees factual distinctions, though, including that the North Carolina program was a mandate for wholesale benefit cuts and that the administrative process was further along. *Pashby*, 709 F.3d at 313–15. The precedent makes a deeper point: ripeness requires a nice judgment in a swirl of circumstances; it's not an equation; and reasonable people will disagree — which illustrates the discretion involved. Nor did the Court, in judging the fitness of these plaintiffs' claims for immediate resolution, improperly require exhaustion — it required only ripeness. On preclusion, counsel must make the best strategic choices he can in navigating those issues. Without giving an advisory opinion, suffice it to say that the Court doesn't see the cataclysmic consequences counsel predicts. And — to repeat the earlier Order — this case is stayed, not dismissed; the motions can be reinstated by filing a short notice; and the Court will be alert to the need for injunctive relief to maintain the status quo if this litigation continues.

A final word. Counsel's zeal for his clients is commendable, but motions to reconsider are not favorites. The Court's job is to handle all cases

with prudence, deciding issues as best it can the first time around. Motion, № 25, denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 June 2016