IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ESTATE OF ETHEL JACOBS,
Louis Welch, administrator                                         PLAINTIFF

v.                         No. 3:16-cv-119-DPM

CINDY GILLESPIE, in her official
capacity as Director, Arkansas
Department of Human Services                                       DEFENDANT

**ORDER**

Jacobs's Estate's motion for attorney's fees and costs is long ripe, and the Court regrets its delay in turning back to it. The parties agree on the governing law: the Estate is entitled to a reasonable fee, based on all the material circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 948–50 (8th Cir. 2016). The $200/hour rate requested is unchallenged. It is, the Court agrees, reasonable for the off-the-path kind of work done here by these younger lawyers. The fighting issues are two: whether the Estate should be reimbursed for all the depositions; and how much of the time actually spent is chargeable to Gillespie, given the Estate's partial victory.

The Court awards all the deposition costs incurred. Most, if not all, of the transcripts were used at trial. The main claims—ascertainability and notice—were intertwined. Most importantly, the Court made counsel sprint through discovery to get this case ready for a prompt final adjudication: about four months passed between the Court's dissolving the stay and entering final judgment. Both sides agreed with this expedited schedule. Figuring out the complicated facts in a hurry made multiple depositions necessary.

The Court awards one-half of the requested fees. The Estate's voluntary elimination of some Ledgerwood-related work and some of the collaboration time is commendable. As Gillespie argues, the time requested must be discounted further to account for various circumstances. First, the hearing claims were late breaking, marginal, and unsuccessful, although preserved for another day. Related work merits a ten percent reduction. Second, and notwithstanding a hard push, the Estate lost the ascertainability claim. This was the core of the case. But the Estate prevailed on notice. Gillespie is mistaken in arguing that the Estate accomplished little beyond what was achieved in the administrative process. The Court required a substantial

renovation and expansion of the notice. More to the point, the notice and ascertainability claims were so intertwined that it would be unreasonable to cut the fee too deeply simply because the Estate didn't win on both. A thirty percent discount is appropriate. Last, there's some work billed that, in hindsight, is properly classed as unnecessary. In this category falls the motion to reconsider, the lengthy injunction briefing at the threshold, and some of the pre-suit work. Counsel's effort to do their best and cover all bases is commendable. It's a fact of lawyering life that not everything done, though, can be billed, and Gillespie is entitled to a ten percent reduction on this score. All this totals the fifty percent discount.

*   *   *

Motion, № 65, partly granted and partly denied. The Court awards $8,007.30 in costs for all the depositions and a reasonable attorney's fee of $75,780 for 378.9 hours' work. The total—$83,787.30—is payable directly to Legal Aid of Arkansas, Inc., on behalf of the Estate of Ethel Jacobs, Louis Welch, administrator, as authorized by the Circuit Court of Phillips County, Arkansas, probate division. № 77, 78 & 79.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 July 2017